UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONATO BAILON YANES, ) | |
| ) | |
| Petitioner, ) | CASE NO.   C04-1887C |
| ) | (CR03-452C) |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | REPORT AND RECOMMENDATION |
| ) | |
| Respondent. ) | |
| ) | |

INTRODUCTION

Petitioner has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The government has filed a response. Having considered the motion, response, and the balance of the record, the court concludes, for the reasons set forth below, that petitioner's motion should be denied.

PROCEDURAL HISTORY

Petitioner, a Mexican national, pled guilty to possession of cocaine with intent to distribute, and was sentenced on May 14, 2004 to 60 months of imprisonment. (Dkt. #16 in Case No. CR03-452C). Petitioner did not file a direct appeal. On August 27, 2004, petitioner filed the instant motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Dkt. #1). On September 21, 2004, this matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules MJR 3 and 4. (Dkt. #5). The government filed its response to petitioner's § 2255 motion on November 19, 2004. (Dkt. #11). Petitioner has not filed a reply and the matter is ready for review.

REPORT AND RECOMMENDATION
PAGE 1

## DISCUSSION

In his § 2255 motion, petitioner raises the following claims for relief:

    A. Counsel failed to investigate and present mitigating evidence at sentencing.

    B. Ineffective assistance [sic] counsel in failing to fight certain rights.

    C. Petitioner is entitled to a post-conviction downward departure under U.S.S.G. 5K2.19.

    D. The Strickland standard.

    E. Counsel failed to seek a downward departure for aberrant behavior under U.S.S.G. K 2.20.

    F. Sentence must correspond to counts in plea agreement.

    G. Petitioner is entitled to the relief sought.

(Dkt. #1 at 2-6). The court will address each in turn.

    *A. Counsel failed to investigate and present mitigating evidence at sentencing.*

Petitioner first claims that his appointed counsel was ineffective because he failed to present evidence that petitioner was eligible for a two-point reduction in his sentence under the so-called "safety-valve provision" of the federal sentencing guidelines. (Dkt. #1 at 2-3). In order to prevail on a claim of ineffective assistance of counsel, petitioner must establish two elements. First, he must establish that counsel's performance was deficient, *i.e.*, that it fell below an "objective standard of reasonableness" under "prevailing professional norms." *Strickland*, 466 U.S. at 687-88 (1984). Second, he must establish that he was prejudiced by counsel's deficient performance, *i.e.*, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Petitioner fails to show that counsel's performance was deficient. The record reflects that counsel argued at sentencing that petitioner had no prior criminal history and should be given the benefit of the safety-valve provision. (Dkt. #16 in Case No. CR03-452, at 4-5). Furthermore, it appears that petitioner's proffer in support of his safety-valve argument was

REPORT AND RECOMMENDATION
PAGE 2

1  considered to be untruthful by the government.  (*Id*. at 5).  Petitioner does not specify any

2  additional argument that counsel could have presented to the sentencing court that would have

3  convinced the court that petitioner was eligible for the safety-valve provision.  Therefore,

4  petitioner's first claim should be denied.

5          B.  *"Ineffective assistance [sic] counsel in failing to fight certain rights."*

6          Petitioner next argues that his counsel was ineffective because counsel failed to convince

7  the sentencing court that petitioner was eligible for a downward departure based upon his status

8  as a deportable alien.  (Dkt. #1 at 3).  However, this argument is belied by the record, which

9  shows that counsel made such an argument.  Specifically, counsel argued that petitioner, as a

10  deportable alien, would not be eligible for sentence-reducing programs, such as participation in a

11  drug program or a halfway house, that were available to non-alien prisoners.  (Dkt. #16 in Case

12  No. CR03-452 at 5).  Again, petitioner does not support his conclusory assertion with any

13  additional arguments that counsel should have made at sentencing.  Accordingly, petitioner's

14  second claim should be denied.

15          C.  *"Petitioner is entitled to a post-conviction downward departure under USSG 5K2.19"*

16          Petitioner next argues that he is entitled to a downward departure "for having

17  demonstrated his ability to rehabilitation [sic] by maintaining a clear conduct while incarcerated."

18  (Dkt. #1 at 4).  While it appears that there is legal authority for petitioner's claim under *United*

19  *States v. Green*, 152 F.3d 1202, 1207 (9th Cir. 1998), petitioner does not present any evidence

20  that he has, in fact, demonstrated rehabilitation to the degree necessary to entitle him to a

21  reduced sentence.  *See Green*, 152 F.3d at 1208 (petitioner entitled to reduced sentence when he

22  showed that his "rehabilitation was highly successful in kind and degree.").  Therefore,

23  petitioner's third claim should be denied.

24          D.  *"The Strickland standard."*

25          Petitioner next argues that "defence [sic] counsel misrepresented ans [sic] misdvised [sic]

26  the plea to defendant about the condition of his plea bargain when specifically [sic] enquired by

REPORT AND RECOMMENDATION  
PAGE 3

defendant, in as much as counsel knew that defendant's whole behavior and guilty ple [sic] was structured to avoid a Plea Agreement that would not [sic] result in a long sentence or prison time." (Dkt. #1 at 5-6). This claim – apparently a generic one that counsel misadvised petitioner regarding his plea agreement – should be summarily denied because it is unsupported by any legal argument or factual evidence.

E. *"Counsel failed to seek a downward departure for aberrant behavior under 5K 2.20."*

Petitioner next argues that counsel failed to seek a downward departure based upon the fact that petitioner had a clean record prior to his conviction and therefore his criminal conduct was "aberrant behavior" under the federal sentencing guidelines. *See, e.g., United States v. Gonzalez*, 281 F.3d 38, 43-44 (2nd Cir. 2002). This argument, however, is belied by the record. Counsel argued petitioner's lack of a prior criminal history at least three times in the sentencing memorandum counsel filed with the court. (Dkt. #16 in Case No. CR03-452 at 3-4). Accordingly, petitioner's claim that counsel was ineffective for failing to make this argument should be denied.

F. *"Sentence must correspond to counts in plea agreement."*

Petitioner next claims that "[t]he defendant is entitled to a downward sentence departure in [sic] the sentence must correspond to count in plea agreement." (Dkt. #1 at 6). Petitioner apparently intends to argue that his sentence was erroneously based upon a greater number of counts than were contained in the plea agreement. *See, e.g., United States v. Gibson*, 356 F.3d 761, 766-67 (7th Cir. 2004). However, petitioner's sentence was based upon a single count of violating 21 U.S.C. § 841(a)(1) and § 841 (b)(1)(B), and this was also the only count contained in his plea agreement. (Dkt. #19, #12 in Case No. C03-452). Therefore, petitioner's claim is without merit and should be denied.

G. *"Petitioner is entitled to the relief sought."*

Petitioner's final claim is unclear but appears to invoke the Supreme Court decisions in *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000), *Blakely v. Washington*, 124 S. Ct. 2531

REPORT AND RECOMMENDATION
PAGE 4

(2004), and, implicitly, *United States v. Booker*, 125 S. Ct. 738 (2005).[1]  However, the Ninth Circuit – and all other circuit courts that have considered the question – has held that neither *Blakely* nor *Booker* apply retroactively to cases on collateral review.  *See Schardt v. Payne,* 414 F.3d 1025 (9th Cir. 2005); *United States v. Cruz*, __F.3d__, Case No. 03-35873 (9th Cir. September 16, 2005).  Therefore, petitioner may not present a claim based upon these decisions in the instant § 2255 motion.  Consequently, petitioner's final claim should be denied.

## CONCLUSION

For the foregoing reasons, petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence should be denied.  Because the files and records in this case conclusively show that petitioner's motion is without merit, no evidentiary hearing is required.  *See Baumann v. United States*, 693 F.2d 565, 570-71 (9th Cir. 1982).  A proposed Order is attached.

DATED this 13th day of October, 2005.

_____
MONICA J. BENTON
United States Magistrate Judge

---

[1] Although petitioner relies upon *Appendi* and *Blakely*, those cases did not apply to the federal sentencing guidelines under which petitioner was sentenced.  After petitioner filed the instant § 2255 motion, the Supreme Court decided *United States v. Booker*, 125 S. Ct. 738 (2005), which applied *Blakely's* principle – that sentencing enhancements must be based upon either an admission by the defendant or a finding by a jury – to federal sentences.

REPORT AND RECOMMENDATION
PAGE 5